UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-5202 PA (ADS) | Date | September 14, 2026 |
| Title | Chinh Trieu Dang v. Markwayne Mullin | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is an Application for a Temporary Restraining Order ("TRO Application") filed by petitioner Chinh Trieu Dang ("Petitioner"), who is represented by counsel (Docket No. 2). Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on September 11, 2026. The Petition names as respondent the Secretary of the Department of Homeland Security ("Respondent"). Petitioner is currently detained at the Adelanto ICE Processing Center operated by Immigration and Customs Enforcement ("ICE"). Petitioner's TRO Application , seeks among other relief, Petitioner's immediate release from ICE detention or an "individualized custody proceeding" within five days, to prohibit ICE from transferring Petitioner outside the Central District, and an order requiring Respondent to provide documentation concerning Petitioner's medical records and allowing counsel to have access to Petitioner.

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Court has issued General Order No. 26-05. Pursuant to the General Order, the Court set a briefing schedule for the Petition in this case, with Respondents' Answer due seven (7) days after the Clerk's Office issued the Notice of General Order on September 14, 2026, and Petitioner's Reply due no later than 3 days after the Answer is filed. This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at pp. 1, 3.) The General Order specifically states that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent irreparable harm that cannot be addressed by the . . . expedit[ed] briefing schedule." (Id. at p. 3.)

Here, Petitioner does not allege the type of imminent, irreparable harm contemplated by the General Order. Moreover, in light of the expedited briefing schedule on the underlying Petition, any delay that may result from awarding Petitioner relief based on the habeas petition alone would be brief. As a result, the Court concludes that Petitioner is not entitled to emergency, ex parte relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S. Ct. 365 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the

absence of preliminary relief"). The Court therefore denies the TRO Application. Proceedings on the merits of the Petition continue to be referred to the assigned Magistrate Judge. To the extent the TRO Application sought documents, including about Petitioner's medical care, such discovery-related issues are denied without prejudice to being raised before the assigned Magistrate Judge through an appropriate procedure.

IT IS SO ORDERED.