UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINH TRIEU DANG,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-05202 PA (ADS)<br><br>ORDER GRANTING PETITION |

## I. THE PETITION

Petitioner Chinh Trieu Dang filed the instant Petition on September 11, 2026. [Dkt. No. 1.] According to the Petition, Petitioner was admitted into the United States in 1981 as a stateless refugee and adjusted to lawful permanent resident status in 1982. [Dkt. No. 1 at 2.; Dkt. No. 1, Ex. H.] On June 3, 2003, Petitioner was convicted of conspiracy to possess with intent to distribute methamphetamine. [Dkt. No. 1 at 2; Dkt. No. 1, Ex. H.] Petitioner alleges that this is the only criminal conviction he has ever had. [Dkt. No. 1, Ex. D, Declaration of Chinh Trieu Dang ("Dang Decl."), ¶ 5]. Petitioner

alleges that he was ordered removed on August 9, 2011. [Dang Decl. ¶ 6]. Petitioner further alleges he was detained from August to November 2011, at which point he was released under conditions of supervision. [Dang Decl. ¶ 8] Petitioner alleges his release lasted for fifteen years until he was detained at a check-in with immigration officials on July 31, 2026. [Dang Decl. ¶¶ 8-11.] Petitioner alleges that he complied with all reporting requirements during his fifteen years of release. [Dang Decl. ¶¶ 26.]

Petitioner was born in Hong Kong on December 20, 1979 and both his parents were born in Vietnam. [Dang Decl. ¶ 2.] Petitioner has a Hong Kong birth certificate, but does not recall ever having a Vietnamese or Hong Kong passport. [Id.] Petitioner further alleges that the United States is the only home he knows, given that Petitioner left Hong Kong as a refugee when he was just over one years old, he only speaks English fluently, he has spent almost his entire life in the United States, and the United States is where his wife and children reside. [Dang Decl. ¶¶ 13-15.] Petitioner has been married to a United States citizen since 2019 and they have two United States children. [Dang Decl. ¶ 4.] Petitioner alleges that his children have suffered hardship as a result of his re-detainment. [Dang Decl. ¶¶ 16-18.]

Petitioner alleges that there is no indication that he received notice of the revocation of his conditional release or any revocation interview. [Dkt. No. 1, Ex. E, Declaration of Marino A. Branes Jr. ("Branes Decl."), ¶ 19]. Petitioner alleges that upon his re-detention, an immigration official discussed with him the possibility of removal to Vietnam. [Dang Decl. ¶ 23.] Petitioner further alleges that there is no evidence that any country has accepted Petitioner for removal, issued a current travel document, or scheduled a removal flight. [Dkt. No. 1 at 5.] Petitioner alleges the following grounds for relief: (1); a due process violation due to the revocation of his liberty; (2) a violation

of the Administrative Procedure Act due to the revocation of his release without following applicable regulations; and (3) a lack of a significant likelihood of removal under Zadvydas. [Id. at 9-12.] Petitioner requests immediate release from custody, the production of certain records from Respondents, declaratory relief, and an injunction preventing his removal without adequate notice and an opportunity to pursue available protection. [Id. at 12-13.]

## II. PROCEDURAL HISTORY

On September 14, 2026, Respondents received notice of General Order 26-05, requiring Respondents to file an answer within 7 days. [Dkt No. 6.] On September 21, 2026, Respondents file an Answer. [Dkt. No. 11.] The Answer indicated that "Respondents are not presenting an opposition argument at this time." [Id.]

## III. ANALYSIS

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many, but not all, courts have found that noncitizens released on parole are entitled to a pre-deprivation bond hearing prior to re-detainment. See Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on

conditional parole, due process requires notice and a pre-deprivation hearing"); but see Kilroy v. Los Angeles Unified Sch. Dist., No. CV 16-09068-DMG-JDE, 2018 WL 7916367, at *10 (C.D. Cal. Dec. 6, 2018), report and recommendation adopted sub nom., 2019 WL 1429615 (C.D. Cal. Mar. 29, 2019), aff'd, 810 F. App'x 558 (9th Cir. 2020) ("The Supreme Court has emphasized that due process is flexible and has rejected the proposition that due process always requires a pre-deprivation hearing" (citation omitted)).

Under Zadvydas, noncitizens subject to a final order of removal may only be detained for "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. Following a final order of removal, six months of detainment is considered to be a presumptively reasonable period of detention to effectuate the removal of a noncitizen. Id. at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. Noncitizens may be detained, regardless of whether there is a significant likelihood of removal in the reasonably foreseeable future, under special circumstances. See Zadvydas, 533 U.S. at 696 ("Neither do we consider terrorism or other special circumstances where special arguments might be made for forms of preventive detention and for heightened deference to the judgments of the political branches with respect to matters of national security."); see also 8 C.F.R. § 241.14 (listing the special circumstances where detention can be continued even when removal is not significantly likely in the reasonably foreseeable future).

Petitioner claims that his due process rights have been violated and his detention is unlawful under Zadvydas. Petitioner filed the Petition on September 11, 2026 and has been detained since June 20, 2026. [Dang Decl. ¶¶ 10-12.] Petitioner has been subject to a final order of removal since 2011, but he has not yet been removed from the United States. [Dang Decl. ¶ 6]. Petitioner is described as "stateless" in his immigration file and after he lawfully entered the United States as a refugee when he was 1 year old, he has lived in the United States his entire life. [Dkt. No. 1, Ex. H; Dang Decl. ¶¶ 13-15.] While Petitioner has a Hong Kong birth certificate, he does not recall ever having a Vietnamese or Hong Kong passport. [Dang Decl. ¶ 2.] Petitioner alleges that there is no evidence that any country has accepted Petitioner for removal, issued a current travel document, or scheduled a removal flight. [Dkt. No. 1 at 5.] Respondents, in not opposing the Petition, have not provided any indication of the country they plan to remove Petitioner to or the steps they have taken to effectuate Petitioner's removal. Accordingly, Respondents have not presented any argument to rebut Petitioner's claim that his removal is not reasonably foreseeable. See Zadvydas, 533 U.S. at 699-700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.") Respondents have not provided any argument or basis for the Court to conclude that Petitioner's prior conviction is a special circumstance that warrants detention even if his removal is not significantly likely in the reasonably foreseeable future. See 8 C.F.R. § 241.14 (listing a set of rare special circumstances, such as noncitizens with highly contagious diseases or terrorism concerns). Respondents have also not provided any argument regarding whether Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of his release.

Respondents' failure to appear and defend the case is a concession to the Petition and its requested relief. Therefore, the unopposed Petition is granted.[1][2] However, to the extent Petitioner seeks an injunction against future detention, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may re-detain Petitioner. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is

///

///

///

[1] In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

[2] Because the Court finds Petitioner is entitled to relief, the Court does not reach the other grounds asserted.

based on speculation about what might happen after Petitioner's release.”).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;
2. Petitioner Chinh Trieu Dang (A# 025-148-017) must be immediately released from immigration detention; and
3. Judgment shall be entered accordingly.

Dated: September 22, 2026

PERCY ANDERSON
United States District Judge

Presented by:

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge